# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * *  * | |
| TRACY OEHLING,                        * | |
|                                  * | No. 17-1940V |
|          Petitioner,     * | Special Master Christian J. Moran |
| v.                                    * | Filed: May 5, 2022 |
| SECRETARY OF HEALTH          * | Attorneys' fees and costs. |
| AND HUMAN SERVICES,          * | |
|          Respondent.    * | |
| * * * * * * * * * * * * * * * * * * *  * | |

LeeAnne Pedrick, Maglio, Christopher, & Toale PA, Washington, DC, for petitioner;
Darryl R. Wishard, U.S. Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 8, 2021, petitioner Tracy Oehling moved for final attorneys' fees and costs. She is awarded **$71,084.63**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the Internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On December 13, 2017, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.  The petition alleged that the influenza ("flu") vaccine she received in her left shoulder on October 14, 2015, caused her to suffer a shoulder injury related to vaccine administration ("SIRVA").  On December 17, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same date.  Decision, 2020 WL 8074982 (Fed. Cl. Spec. Mstr. Dec. 17, 2020).

On June 8, 2021, petitioner moved for final attorneys' fees and costs.  Pet'r's Mot., filed June 8, 2021.  Petitioner requests attorneys' fees of $58,568.60 and attorneys' costs of $13,538.98 for a total request of $72,107.58.  Pet'r's Mot. at 1.  Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation.  Exhibit 51.  On June 8, 2021, respondent filed a response to petitioner's motion.  Resp't's Resp., filed June 8, 2021.  Respondent argues, "Neither the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Additionally, he recommends that the undersigned "exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.  Petitioner filed a reply on June 11, 2021.  Pet'r's Reply, filed June 11, 2021.

\*     \*     \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1).  The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  However, when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower, the Davis County exception applies and petitioner's counsel is paid according to the local rate.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Env't Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done in Washington, DC.  Therefore, the forum rate applies.

The undersigned has reviewed the hourly rates requested by petitioner for the work of his counsel at Maglio, Christopher, & Toale (the billing records indicate that the majority of attorney work was performed by Mr. Isaiah Kalinowski, with supporting work from Mr. Altom Maglio in 2017).  The rates requested are consistent with what these individuals have previously been awarded for their Vaccine Program work.  See, e.g., Tullio v. Sec'y of Health & Hum. Servs., No. 15-0051V, 2021 WL 5854057 (Fed. Cl. Spec. Mstr. Nov. 10, 2021); Becknell v. Sec'y of Health & Hum. Servs., No. 15-846V, 2020 WL 6151352 (Fed. Cl. Spec. Mstr. Sept. 22, 2020); Puckett v. Sec'y of Health & Hum. Servs., No. 17-1316V, 2020 WL 5407838 (Fed. Cl. Spec. Mstr. Aug. 28, 2020).  Petitioner also requested reasonable hourly rates for work performed by paralegals. Accordingly, the requested hourly rates are reasonable.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and, on the whole, the billed hours are reasonable.  The vast majority of the attorney hours billed are reasonable considering the amount of time spent obtaining two expert reports and engaging in settlement discussions.  One minor issue is that counsel and firm paralegals have occasionally billed for review of the same order, resulting

in an excessive amount of time expended on their review. See exhibit 49. Considering this issue involves duplicative work by paralegals, the undersigned shall reduce the total billed paralegal time by five percent. This results in a reduction of $391.70.

Accordingly, petitioner is awarded final attorneys' fees of $58,176.90.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $13,538.98 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert, Dr. Naveed Natanzi.

Dr. Natanzi billed a total of 25.25 hours at a rate of $500.00 per hour. Exhibit 50 at 28, 32. Based on the content of Dr. Natanzi's expert reports, the role his expert reports played in petitioner receiving a favorable outcome via stipulation, and the work documented by Dr. Natanzi's invoices, his requested hours appear reasonable. However, Dr. Natanzi's requested rate is greater than what has previously been found reasonable for his work. See O'Leary v. Sec'y of Health & Hum. Servs., No. 18-584V, 2022 WL 1055352, at *3 (reducing Dr. Natanzi's requested rate to $475.00 per hour); Macaluso v. Sec'y of Health & Hum. Servs., No. 18-614V, 2021 WL 1251105, at *2 (Fed. Cl. Spec. Mstr. Feb. 26, 2021) (noting that Dr. Natanzi's increase in SIRVA expertise merited a rate of $475.00 per hour). Accordingly, Dr. Natanzi is awarded $475.00 per hour for his work in this case. This results in a reduction of $631.25, totaling $11,993.75 in expert costs.

For the remainder of the costs, petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded $12,907.73 in costs.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$71,084.63** (representing $58,176.90 in attorneys' fees and $12,907.73 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms.

4

LeeAnne Pedrick.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.